By the Court.
 

 The assignment of errors raises one controlling question in the case, to the consideration of which we shall confine ourselves, namely, whether the procedure followed by the Court of Appeals of Stark county is in accordance with or contrary to that authorized by statute.
 

 Section 12136, General Code, provides: “A court, of judge at chambers, summarily may punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice. ’ ’
 

 This statute governs the right of a court to summarily punish for direct contempt. The contempt here charged comes within the purview of this statute.
 

 The power to summarily punish for contempt carries with it the power to summarily absolve one accused of contempt. Under this statute, absolution may come at any stage of the proceeding, before trial or after trial, upon evidence, or solely upon the affidavits filed.
 

 The right to be heard in his own defense is granted to the accused in indirect or constructive contempts by Section 12138
 
 et seq.;
 
 but this is not a case of in
 
 *486
 
 direct or constructive contempt and therefore does not come within the purview of the last mentioned sections.
 

 We find that the Court of Appeals of Start county regularly pursued its authority.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.
 

 Jones, J., not participating.